# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOHN WAYNE HAMILTON,

                **Plaintiff,**

-vs-                                 **Case No.  6:13-cv-1988-Orl-22DAB**

BOARD OF TRUSTEES OF
INTERNAL TRUST FUND OF
THE STATE OF FLORIDA,
FIFTH DISTRICT CITRUS COUNTY,
BOARD OF TRUSTEE, ENVIRONMENTAL
PROTECTION, CITRUS COUNTY FLA,
PATRICIA THOMAS, ANTHONY TANNER,
A. D. WILLIAMS, JOHN H. WILLIAMS, JR. ,
CONTEXT INDUSTRIES, CITRONELLA
LAND TRUST, CONTEXT DEVELOPMENT
COMPANY, CONTEXT DEVELOPMENT
CORPORATION and CITRON INVESTMENT GROUP,

                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**    **MOTION TO APPEAR IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**    **December 30, 2013**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be dismissed.

The *pro se* Plaintiff, apparently unhappy with certain state court proceedings, filed a

Complaint (Doc. 1) against a state court judge, various state, local and corporate entities, and others.

In the instant motion, he seeks to proceed as a pauper.  For the foregoing reasons, the motion should

be denied and the Complaint dismissed.

Upon a party's submission of an affidavit of indigency, any court of the United States may

authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a).   Section 1915 grants broad

discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons

and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th

Cir. 1984).  The Court may dismiss the case or refuse to permit it to continue without payment of fees

if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2).  A cause

of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*,

939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*,

817 F.2d 737, 739 (11th Cir. 1987)).  To determine if a plaintiff should be permitted to proceed *in

forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the

asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.

1976)).  Critical to this analysis is a showing that the claim is within the limited jurisdiction of this

federal court.  *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

 "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,*

915 F.2d at 639 (internal citation omitted).  Moreover, the district court may dismiss a complaint

under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.*

at 640. "When the defense is apparent from the face of the complaint or the court's records, courts

need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2.

"Indigence does not create a constitutional right to the expenditure of public funds and the valuable

time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d

at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally

construed. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007).

Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

Applied here, the Complaint is set forth on a civil rights form and is not a model of clarity. It appears that Plaintiff is complaining about court proceedings that occurred in Citrus County, Florida, involving land there that he claims to own.  Plaintiff cites Case No. 2006-CA-3600, which, according to the public record, is a state circuit court case brought by Citrus County against Plaintiff, Violet Hamilton, and Donald Ray Hamilton, seeking Temporary and Permanent Injunctive Relief.[1] The actual pleadings are not before this Court, but the docket reflects that an injunction was entered, and the Court presumes from Plaintiff's allegations that the case involved the land Plaintiff claims. Plaintiff contends that he "tried showing ownership in court" but the judge would not allow it. The state court docket reflects that the case was closed in 2006, and affirmed on appeal.[2]

Plaintiff next asserts that he filed a lawsuit– Case No. 2006-CA-004610–  "on the Fifth

---

[1]The docket for this case can be accessed electronically at: http://www.clerk.citrus fl.us/courts/case/17229024b

[2] The appellate docket for the state case can be accessed electronically at:
http://199.242.69.70/pls/ds/ds_docket?p_caseyear=2006&p_casenumber=4276&psCourt=5&psSearchType=

District Judge Patricia Thomas for not letting the Hamilton Family use or show ownership in the Fifth

Judicial Circuit Court and on Citrus County Florida for cutting the Hamilton Fences taking our cattle

with the use of convicts from the county jail." (Doc. 1).[3]  The state court docket reveals that this suit

was dismissed for lack of prosecution and closed.

Plaintiff also advises that there was another case, Case No. 2006 CA-3554, which appears to

be a quiet title action filed in 2007 in Citrus County by the Board of Trustees of the Internal

Improvement Trust Fund against Plaintiff and Donald Ray, Violet, and Dale Hamilton.[4]  It appears

that the Hamiltons lost that suit, and a writ of possession was issued.  The state appellate court

dismissed two appeals arising from that case.[5]

While Plaintiff names several Defendants, their role(s) in this matter are unclear.  The Court

assumes the Defendants are all somehow connected to the prior actions. As for his claim in this case,

Plaintiff states:

> ALL WE THE HAMILTON FAMILY ARE ASKING  IS TO GIVE US A FAIR
> TRIAL SO WE CAN USE WHAT DOCUMENTS  WE HAVE TO USE AND SHOW
> OWNERSHIP AND PROVE THAT WE THE HAMILTON  FAMILY  DO OWN
> OUR LAND IN CITRUS COUNTY FLORIDA NOT TO BE TOLD WE CANT
> SHOW OR USE OWNERSHIP BECAUSE IT WILL HURT THE STATE OF
> FLORIDA BOARD OF TRUSTEES AND CITRUS COUNTY FLORIDA

(Doc. 1, p. 4).

Construed liberally, Plaintiff asserts that he and his family did not receive a fair chance to

establish ownership in the state courts, and he seeks that chance here.

Federal courts are courts of limited jurisdiction.  Parties seeking to invoke the limited

jurisdiction of the federal court over a cause of action must show that the underlying claim is based

---

[3]The docket for this case can be accessed electronically at:  http://www.clerk.citrus.fl.us/courts/case/17229200b

[4]The docket for this case can be accessed electronically at: http://www.clerk.citrus fl.us/courts/case/17237906b

[5]*See* the electronic dockets accessed at:
http://199.242.69.70/pls/ds/ds_docket?p_caseyear=2012&p_casenumber=1455&psCourt=5&psSearchType=
http://199.242.69.70/pls/ds/ds_docket?p_caseyear=2009&p_casenumber=822&psCourt=5&psSearchType=

upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e.,* "a civil action arising under the Constitution, laws, or treaties of the United States") in which a private right of action has been created or is implied by Congressional intent. See 28 U.S.C. § 1331 and §1332.  Plaintiff does not identify his cause of action, although it seems he is relying on the protection against deprivation of property without due process afforded by the Fifth Amendment to the United States Constitution.  To the extent Plaintiff is seeking to retry the quiet title action in this Court, however, the action is barred by application of the *Rooker-Feldman* doctrine.[6]

"The *Rooker–Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir.2001). It precludes "lower federal courts ... from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir.2009) (citation and internal quotation marks omitted); *see Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir.2009) (per curiam) ("The *Rooker – Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."). The doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005).  The Court finds that is precisely the case here.  As such, to the extent Plaintiff is seeking to invalidate the orders and judgments entered by the state trial court in cases which are now closed, the Court finds it is without jurisdiction to do so.

---

[6]*See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311-15, 75 L.Ed.2d 206 (1983).

To the extent the Complaint can be construed as a civil action for tort damages against the Defendants (although none are alleged), Plaintiff has failed to establish the requirements for diversity jurisdiction.  Moreover, with respect to Judge Thomas, judges have absolute immunity from suits arising from judicial acts. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray,* 386 U.S. 547 (1967); *Bradley v. Fisher*, 80 U.S. 335 (1871).  Judicial absolute immunity exists despite a charge that the judge acted maliciously or corruptly. *Bradley*, 80 U.S. at 347 ("The purity of [a judge's] motives cannot . . . be the subject of judicial scrutiny."); *Pierson,* 386 U.S. at 554 ("[A judge] should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption."); *Wahl v. McIver,* 773 F.2d 1169, 1172 (11th Cir. 1985) ("It is firmly settled that judges are absolutely immune from civil liability 'for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" (internal citation omitted).) Here, the action complained of, to the extent it can be ascertained, is the judge's rulings on evidence in the state court proceedings.  Although Plaintiff obviously objects to these rulings, the issuance of orders constitutes purely official judicial action. *See Stump*, 435 U.S. at 361.  Accordingly, absolute judicial immunity bars the suit against the state court judge.

As Plaintiff has failed to allege a cognizable cause of action within the limited jurisdiction of this Court, it is **respectfully recommended** that the motion be **denied** and the Complaint be **dismissed.**  This Court is without jurisdiction to relitigate the quiet title action and absolute judicial immunity bars any suit for damages against the state court judge arising out of the state court proceedings.  As there are no plausible facts pled against the other Defendants, it is likely that the Complaint is not amenable to amendment.  Although it is doubtful that Plaintiff can state a cognizable cause of action on these facts, Plaintiff should be given an opportunity to file an Amended Complaint accompanied by either payment of the filing fee or a completed legible application for pauper status, within 14 days of any Order adopting this recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 10, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy