# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOHN WAYNE HAMILTON
SPOKESMEN AND
HEIR TO THE W.D. A/K/A WILLIE
HAMILTON SR ESTATE AND
HAMILTON FAMILY,

                   **Plaintiffs,**

-vs-                                Case No.  6:13-cv-1988-Orl-22DAB

BOARD OF TRUSTEES OF THE
INTERNAL IMPROVEMENT TRUST
FUND OF THE STATE OF FLORIDA
FIFTH JUDICIAL CIRCUIT DISTRICT
ENVIRONMENTAL PROTECTION OF
THE STATE OF FLORIDA
CITRUS COUNTY FLORIDA
CITRUS COUNTY BOARD OF
COMMISSIONER
ANTHONEY TANNER, COMPANYS,
RAM-NA- INC. A.T.M.T INC, A.T.M.I. INC
CITRON INVESTMENT GROUP
CONTEXT DEVELOPMENT COMPANY
CONTEXT INDUSTRIES
CHARLIE D BERTINE AND WILBER
KING
KING B CORPORATION
A.D.WILLIAM (DECEASED)
A.D.WILLIAMS TRUST
JOHN H. WILLIAMS, CITRONELLE
LAND TRUST
CRYSTAL POINTE ASSOCIATES. LTD. A
Florida limited partnership
CRYSTAL POINTE,

                   **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 6)** |
| **FILED:** | **February 14, 2014** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Amended Complaint be dismissed. | |

Following dismissal of the Complaint and denial of the initial motion to proceed as a pauper, John Wayne Hamilton, proceeding *pro se,* has renewed his motion, and filed an Amended Complaint (Doc. 5).  As the Amended Complaint suffers from the same (and additional) deficiencies as the original Complaint, and the motion is incomplete, it is **respectfully recommended** that the motion be **denied and the Amended Complaint be dismissed.**

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a).   Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2).[1]  A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)).  To determine if a plaintiff should be permitted to proceed *in*

---

[1]Mr. Hamilton has construed the Court's previous finding that the Complaint did not meet this standard as a finding that *Plaintiff* is "malicious or spiteful." (Doc. 5, p. 2).  This is not the case.   Rather, the Court finds *the suit* to be without merit in that it does not state a cause of action within the limited jurisdiction of this federal court.

*forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).  Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court.  *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted).  Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed.  *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading

is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

Applied here, the Amended Complaint purports to be brought by Plaintiffs "John Wayne Hamilton Spokesmen and Heir to the W.D. A/K/A Willie Hamilton Sr Estate and Hamilton Family." To the extent Mr. Hamilton purports to represent an Estate and other family members, he has no standing to do so. As the Eleventh Circuit Court has stated:

> Section 1654 authorizes parties in federal cases to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The right to appear *pro se*, however, is limited to those parties conducting "their own cases" and does not apply to persons representing the interests of others. *See Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir.1997) (determining that, although a parent is authorized to sue on behalf of a minor child, a non-lawyer parent may not appear pro se on behalf of a child in federal court), *overruled in part on other grounds, Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 2006–07, 167 L.Ed.2d 904 (2007).

*Franklin v. Garden State Life Ins.*, 462 Fed.Appx. 928, 930 (11th Cir. 2012). Mr. Hamilton cannot represent the interests of others in this suit as he is not an attorney. The claims of the Estate must be prosecuted, if at all, through counsel.

To the extent the allegations are comprehensible and can be limited solely to the claims of Mr. Hamilton, the pleading fails to state a cognizable cause of action. As with the initial Complaint, this appears to be a suit claiming ownership of land in Citrus County. Plaintiff(s) name a plethora of state and county agencies, corporations, and individuals (including one identified in the case style as deceased), but fails to adequately identify their roles in this matter, the claims against them, or the relief sought. The "Counts" are filled with vague references to the prior state court filings and lawsuits (detailed more fully in the prior Report), and the efforts made by Plaintiff over the years with respect to "our land."

As the Court previously noted, federal courts are courts of limited jurisdiction. Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the

underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e.,* "a civil action arising under the Constitution, laws, or treaties of the United States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and §1332.

Here, again, Plaintiff does not identify his causes of action, although it seems he is relying on the protection against deprivation of property without due process afforded by the Fifth Amendment to the United States Constitution. To the extent Plaintiff is seeking to retry the quiet title action in this Court, however, the action is barred by application of the *Rooker-Feldman* doctrine.[2]

"The *Rooker–Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir.2001). It precludes "lower federal courts ... from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir.2009) (citation and internal quotation marks omitted); *see Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir.2009) (per curiam) ("The *Rooker – Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."). The doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005). The Court finds that is precisely the case here. To the extent Plaintiff is seeking to invalidate the orders and judgments entered by the state trial court in cases which are now closed, the Court finds it is without jurisdiction to do so.

---

[2]*See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311-15, 75 L.Ed.2d 206 (1983).

To the extent the Amended Complaint purports to state a claim on behalf of an Estate or a "family," such claims cannot be presented by Mr. Hamilton. Moreover, this Court is without jurisdiction to relitigate the quiet title action and no other claim is plausibly asserted.[3]  As Plaintiff has failed to allege a cognizable cause of action within the limited jurisdiction of this Court,[4] it is **respectfully recommended** that the motion be **denied** and the Complaint be **dismissed.** As there are no plausible facts pled against any Defendant, the Court finds that the  Complaint is not amenable to amendment.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 18, 2014.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[3]The Court also notes that the application for pauper status is incomplete in that it lists no source of any income whatsoever and no explanation as to how Plaintiff subsists.

[4]To the extent the Complaint can be construed as a civil action for tort damages against the Defendants (although none are alleged), Plaintiff has failed to establish the requirements for diversity jurisdiction.

-6-